```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION


JABEZ BOAZ,

            Plaintiff,

v.                                    Case No. 3:20-cv-1194-J-39JRK

R. WOODALL and MARK S. INCH,

            Defendants.
_____
```

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Jabez Boaz, an inmate of the Florida penal system, initiated this action by filing an emergency motion for a temporary restraining order or preliminary injunction (Doc. 1; Motion). Plaintiff asserts officials at New River Correctional Institution have "employed [no measures] to protect the 70 inmates . . . in each dorm" from contracting COVID-19, such as implementing protocols to achieve social distancing. Motion at 4, 5. Plaintiff says he is particularly at risk because he suffers high blood pressure and a disease "not presently known," which prevents him from gaining weight. Id. at 4. As relief, Plaintiff seeks an order that he be self-quarantined at home and immediately released from the custody of the Florida Department of Corrections; the institution be required to practice social distancing; inmates receive supplies to protect them from the virus, including soap,

disinfectants, and masks; and staff be supplied with personal protective equipment. Id. at 9.

The Eleventh Circuit recently issued an opinion vacating entry of a preliminary injunction in favor of "medically vulnerable" pretrial detainees who claimed they were uniquely at risk of contracting COVID-19 at Miami's Metro West Detention Center. Swain v. Junior, 961 F.3d 1276, 1280-81 (11th Cir. 2020). The Court held the inmates failed to establish a likelihood of success on the merits of their claim of deliberate indifference even though the detention facility had "neither the capacity nor the ability to comply with public health guidelines," and evidence showed inmates were "not able to achieve meaningful social distancing." Id. at 1284. The Court held, "Neither the resultant harm of increasing infections nor the impossibility of achieving six-foot social distancing in a jail environment establishes that the defendants acted with 'subjective recklessness as used in the criminal law.'" Id. at 1287.

In vacating the district court's order granting the prisoners' motion for injunctive relief, the Eleventh Circuit emphasized what has long been the rule: Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary remedy never awarded as of right." Id. at 1284 (quoting Winter v. Nat. Res. Def. Council, Inc., 555

U.S. 7, 24 (2008)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). A preliminary injunction is meant to prevent future harm that is likely to occur before the case may be resolved on its merits. See Hoop Culture, Inc. v. GAP, Inc., 648 F. App'x 981, 986 (11th Cir. 2016) (citing Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F. 3d at 1176.

Plaintiff's motion fails for many reasons. First, by submitting only a motion with no complaint or supporting affidavits, Plaintiff fails to demonstrate he is likely to succeed on the merits of his underlying claim, which appears to be one of deliberate indifference. The fact that inmates and staff at Plaintiff's institution have been diagnosed with COVID-19 and are unable to achieve social distancing does not by itself show prison officials are deliberately indifferent to the risks posed by this unprecedented virus. See Swain, 961 F.3d at 1287. Indeed, knowledge

3

of a risk of harm does not necessarily suggest deliberate indifference "even if the harm ultimately is not averted." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 844 (1994) (emphasis omitted)). Moreover, Plaintiff offers no facts showing the supervisory Defendants—Warden Woodall and Secretary Inch—adopted or implemented a policy or custom that violated Plaintiff's constitutional rights or were aware of a "history of widespread abuse" that has gone uncorrected. See id. at 1291 ("Municipal liability[1] is . . . plainly part of the likelihood-of-success-on-the-merits inquiry at the preliminary-injunction stage.").

Second, aside from the fact that "the virus unquestionably poses a serious threat to inmates" in the abstract, Plaintiff offers no evidence showing the threat he faces is "actual and imminent." Id. at 1293. For instance, while Plaintiff says he has high blood pressure and an unknown, undiagnosed disease, he does not identify any illness or demographic information that indicates he is at a higher risk of infection than the general prison population. See id. ("[T]he inquiry [is not] whether the plaintiffs have shown that the virus poses a danger to the inmates in the abstract—it undoubtedly does—but rather whether they have shown

---

[1] As with municipal liability, to establish supervisor liability, a plaintiff must demonstrate a causal connection between the asserted injury and the actor's conduct. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

that they will suffer irreparable injury 'unless the injunction issues.'").

Third, Plaintiff's request for relief fails to comply with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06.

Finally, an inmate may not be granted release from prison through a civil rights action. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a habeas corpus petition.

For the foregoing reasons, Plaintiff's motion is due to be denied and the case dismissed without prejudice, subject to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one. If Plaintiff chooses to file a civil rights

complaint, he may do so on the proper form, submit a copy of the form for each defendant, and submit the filing fee.[2]

Accordingly, it is

**ORDERED**:

1. Plaintiff's motion for preliminary injunction (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November 2020.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Jabez Boaz

---

[2] Plaintiff may not proceed as a pauper because he has been designated a three-strikes litigant under 28 U.S.C. § 1915(g). See Dismissal Order, Case No. 6:16-cv-1853-Orl-37DCI (Doc. 2).